UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Mar 31  2 no PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

JESSICA MINNEY,
    Plaintiff

v.

TIMOTHY KRADAS,
JOHN DOE 1 and JOHN DOE 2
    Defendants

:
:    NO. 3:01-CV-1543(EBB)
:
:
:
:
:
:

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff, Jessica Minney ("Minney" or "plaintiff"), alleges claims under 42 U.S.C. § 1983 and 1988, asserting that defendants, Timothy Kradas, John Doe 1 and Jane Doe 1, violated her rights under the Eighth and Fourteenth Amendments by setting an excessively high bail upon her arrest and by not letting her use the bathroom while she was detained before her arraignment. Defendants now move for summary judgment [Dkt. No. 12]. For the following reasons, the motion is granted.

### BACKGROUND

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion. The facts are culled from the parties' Local Rule 56(a) Statements, affidavits, and the exhibits attached to their respective memoranda.

On September 22, 2000, at approximately 12:15am, the plaintiff, who was then an eighteen-year-old female, was arrested in the parking lot of the Colchester Connecticut State Police barracks following a disturbance with several other youths. Plaintiff's complaint and memorandum in opposition to defendants' motion to dismiss assert that plaintiff was at the police station because she had been assaulted and was attempting to file a complaint. However, plaintiff provides no affidavit or exhibits in support of such assertions.[1] Further, defendants submitted evidence in support of the conclusion that plaintiff was the instigator of the events that led to her arrest. According to the police investigation report filled out by Trooper Marsh and the witness statements of Artemio Otero and Stephanie Washlishyn, which were attached to Defendants' Motion for Summary Judgment, earlier that night the plaintiff had driven her car into Otero's front driver's side door while he was driving with his fiancé Stephanie Washlishyn. (Defendants' Exhibits A & B). Plaintiff then followed them to Ms. Washlishyn's home and attacked Otero with a knife, scratching and punching him when he attempted to take the knife from her. In the struggle, Otero pushed plaintiff to the ground, at which point he states she said "your dead" and drove away. (Defendants' Exhibit B). Both the plaintiff and Otero and Washlishyn drove to the police station to report the

---

[1] Notably, plaintiff has not alleged a wrongful arrest claim in her complaint.

2

incident.

Based on the information Trooper Marsh gathered from the complaining witnesses, he arrested plaintiff and charged her with criminal attempt to commit assault in the first degree, breach of peace, reckless endangerment, and interfering with a police officer's investigation. After arresting plaintiff, Trooper Marsh consulted with Sergeant Kradas regarding the setting of bond for plaintiff. Marsh informed Kradas that plaintiff was an eighteen-year-old white female who had allegedly deliberately smashed her car into the complaining witness' car, and then attempted to stab him. Marsh also reported that plaintiff had interfered with Marsh's attempted investigation of the incident, and once arrested was uncooperative, refusing to be photographed, fingerprinted, or sign a form acknowledging she had been informed of her Miranda rights. Trooper Marsh informed him that plaintiff was intoxicated and belligerent, and swore at him (Affidavit of Timothy Kradas, at 2-3).

Based upon the information Sergeant Kradas received from Trooper Marsh, he told Trooper Marsh to set a bond of $10,000 cash for plaintiff. Plaintiff was given a court date for that morning on September 22, 2000, at Connecticut Superior Court in Norwich, Connecticut. Plaintiff was subsequently transported to the Tolland State Police barracks because the Colchester State Police barracks did not have holding facilities for female

3

prisoners. (<u>Id.</u> at 4). While in custody at the Tolland barracks, plaintiff allegedly informed the troopers present, including John Doe 1 and Jane Doe 1, that she was pregnant, and therefore needed to urinate frequently. Plaintiff asserts that John Doe 1 and Jane Doe 1 refused her access to a toilet, requiring her to urinate on the floor of her cell.[2]

Plaintiff now asserts that the bond set by defendant Kradas was unreasonable and malicious and, as a result, denied plaintiff her liberty prior to appearing in court for her arraignment. Further, plaintiff asserts that the acts and omissions of John Doe 1 and Jane Doe 2 were intentional, malicious, and amount to violations of plaintiff's substantive due process rights.

## LEGAL ANALYSIS

I. The Standard of Review

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See also* <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 256 (1986)(plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient

---

[2] Plaintiff provides no affidavit attesting to these facts.

4

showing on an essential element of her case with respect to which she has the burden of proof at trial, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. *Accord,* Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d. Cir. 1995)(movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party. . . ." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992), *cert. denied,* 506 U.S. 965 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), *cert. denied,* 502 U.S. 849 (1991). If the nonmoving party submits evidence which is "merely colorable", or is not "significantly probative," summary judgment may be granted. Anderson, 477 U.S. at 249-50. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to

5

materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 247-48 (emphasis in original).

II. The Standard As Applied

   A. Claims as to John Doe and Jane Doe

Plaintiff asserts that her substantive due process rights were violated when John Doe 1 and Jane Doe 1 refused to allow plaintiff access to the bathroom while she was in their custody. In plaintiff's memorandum in opposition to defendants' motion for summary judgment, plaintiff failed to respond to defendants' argument that her claims against John and Jane Doe should be dismissed based on lack of service of process. On this basis alone, the Court could consider these claims abandoned. See, e.g., Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003)("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); Bronx Chrysler Plymouth, Inc. v. Chrysler Corp., 212 F. Supp. 2d 233, 249 (S.D.N.Y. 2002) (Where plaintiff's summary

6

judgment opposition papers "made no argument in support of [one] claim at all," the court dismissed the claim as "abandoned.").

In any event, this court finds plaintiff failed to identify defendants John Doe 1 and Jane Doe 1 in accordance with Fed. R. Civ. P. 4(m), and therefore summary judgment as to any claims against those defendants is appropriate. Fed. R. Civ. P. 4(m) gives plaintiff 120 days after the filing of the complaint to serve a defendant with notice that there is a lawsuit against him. This action was commenced on August 14, 2001, and John Doe 1 and Jane Doe 1 have not yet been identified nor have they been served with process. Accordingly, summary judgment is granted as to any claims against those defendants under Fed. R. Civ. P. 4(m). See Cammick v. City of New York, 1998 U.S. Dist. LEXIS 18006, 1998 WL 796452, at *1 (S.D.N.Y. 1998) (granting summary judgment against unnamed defendants for lack of service of process).

### B. Claims as to Defendant Timothy Kradas

#### 1. Excessive Bail Claim

Plaintiff argues that defendant Timothy Kradas, a State Police Sergeant who was the shift supervisor at the Colchester State Police barracks at the time of the incidents in question, set her bail at an excessive level in violation of the Eighth

Amendment. A violation of the right to be free from excessive bail, guaranteed in the Eighth Amendment, has been made applicable to the states through the Fourteenth Amendment, and is therefore a cognizable claim under § 1983. *See,* Robinson v. California, 370 U.S. 660, 666 (1962); Root v. Liston, NO. 3:03-cv-949, 2003 U.S. Dist. LEXIS 22318 (D. Conn. 2003). At the same time, however, two courts of this district have recently held that police officers are "absolutely immune from personal-capacity suits for monetary damages under 42 U.S.C. § 1983 for actions related to performing the bail setting function assigned to police officers under Conn. Gen. Stat. § 54-63c." Bacchiocchi v. Chapman, NO. 3:02-cv-1403, 2004 U.S. Dist. LEXIS 1077, *19-20 (D. Conn. January 26, 2004) (quoting Sanchez v. Doyle, 254 F. Supp. 2d 266, 270 (D.Conn. 2003). *See also,* Clynch v. Chapman, 285 F. Supp. 2d 213 (D. Conn. 2003)

    This court agrees that since the setting of bail is a "plainly judicial act[]," Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997), police officers should be entitled to absolute immunity against §1983 claims arising from such actions. *See* Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999)(finding parole board officials have absolute immunity when deciding whether to grant, deny or revoke parole because "officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions"). *See also* Forrester v. White, 484 U.S. 219, 224

8

(1988)(noting absolute immunity is a functional inquiry that focuses on the function performed, not on the person who performs it.) Accordingly, Kradas is absolutely immune from suits for damages so far as they relate to his setting of bail.

### 2. Substantive Due Process

To the extent that plaintiff's complaint asserts a claim of substantive due process against defendant Kradas, this claim also fails. Notwithstanding Kradas' absolute immunity protection, based on the evidence produced in support of defendants' motion for summary judgment, there is no basis for the assertion that plaintiff was held in custody in violation of her substantive due process rights. Substantive due process is reserved not for merely unwise or erroneous governmental decisions, but for arbitrary and egregious abuses of governmental power shocking to the judicial conscience. County of Sacramento v. Lewis, 523 U.S. 833 (1998)("Only the most egregious official conduct can be said to be arbitrary in the constitutional sense."). In Kradas' affidavit, he explains that he set plaintiff's bail in accordance with the State Police Administration and Operations Manual ("the A&O Manual"). (Affidavit of Timothy Kradas at 2). Trooper Marsh had informed Officer Kradas that plaintiff was intoxicated, and refused to be photographed, fingerprinted, or to sign forms indicating she had been read her Miranda rights. According to

9

Kradas, the A&O Manual states that the duty supervisor will ensure that no prisoner is released unless she has been positively identified and all necessary information has been obtained. The manual also specifically instructs that, if the prisoner is intoxicated, he or she must have recovered sufficiently from the effects of the alcohol so as not to be a danger to his or herself or others. Id. at 2. Therefore, in accordance with the A&O Manual, plaintiff should not have been released on bail at the time she was arrested. Id.

In addition, plaintiff had been charged with two Class B felonies, each having a maximum possible sentence of up to 20 years in prison and fines of up to $15,000; Two Class A misdemeanors, each having a maximum potential sentence of up to one year and a fine of up to $2000; and a Class B misdemeanor carrying a possible sentence of up to six months in prison and a $1000 fine. Despite the fact that plaintiff had no criminal history and was a resident of Connecticut, the combination of plaintiff's hostile conduct, intoxicated state, and the severity of the charges against her, leads this court to conclude that it was reasonable for Officer Kradas to be concerned about whether plaintiff would appear in court for her arraignment that very morning. Therefore, setting a bond of $10,000 cash as a condition of plaintiff's release does not seem unreasonable, especially in light of the fact that she was to be arraigned

10

later that morning at which time a judicial officer could adjust her bond. This Court finds that the conduct of defendant Kradas was not arbitrary, capricious, or "shocking to its conscience" in any manner. Accordingly, plaintiff has failed to produce any evidence that she was deprived of substantive due process in violation of the Fourteenth Amendment, and this claim must fail.

## CONCLUSION

Inasmuch as no reasonable jury could find a cognizable violation of plaintiff's constitutional rights based on plaintiff's complaint, defendants' Motion for Summary Judgment [Doc. No. 12] is hereby GRANTED.

The Clerk is hereby directed to close this file.

SO ORDERED

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 31st day of March, 2004.